If it shows the offence to have been committed at *Camden* or near Camden, we think they ought to take notice that Camden is in Kent county.

The defendant was convicted.

*Wm. H. Rogers, attorney general,* for state.

*Frame,* for defendant.

———❖———

THE STATE *vs*. STEPNEY JACKSON and WESLEY JACKSON, n.

A tenant is liable to indictment under the act of 1831, for cutting timber, if the land-lord's consent be disproved.
And any one employed by the tenant is also liable.

The defendants were indicted under the act of January 21, 1831, (8 *Del. Laws,* 51,) for cutting trees, getting and conveying away staves, &c., from the land of I. T. Cooper. They cut the timber and got staves for the *tenant* of the land ; and two questions arose in the case—1st. Whether a *tenant* is liable to indictment under the act, for cutting his landlord's timber; and 2d. Whether other persons employed by the tenant are so liable.

*The Court* expressed the opinion that an indictment would lie against the tenant, but it would be necessary for the prosecution to show that the cutting was *against* the consent of the landlord or owner which would generally require a stipulation in the lease against cutting. But where the cutting is excessive, it may be left to a jury, without the production of a lease prohibiting it, to say if it was not against the landlord's consent ; and so of a cutting for *staves,* or for other purposes not within the usual range of a tenant's license.

They were also of opinion on the other point, that any other person was liable for cutting timber contrary to the act, though employed by a tenant, and that it was not necessary for the state to prove that such person *knew* it to be against the consent of the owner. Such a construction would repeal the act; as it would be impossible to dive into the defendant's breast for his knowledge on the subject.

Verdict of conviction.

*W. H. Rogers,* deputy attorney general, for the state.

*Bates,* for defendants.